JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00192-FWS-ADS                     Date: February 10, 2023
Title: Peter Szanto v. Fred Rudat

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Deborah Lewman for
Melissa Kuig                                                          N/A
    Deputy Clerk                                              Court Reporter

  Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

      Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION**

   Before the court is Plaintiff Peter Szanto's ("Plaintiff") Notice of Removal from Orange County Superior Court ("Notice of Removal"). (Dkt. 1.)[1] Based on the state of the record, as applied to the applicable law, the court sua sponte **REMANDS** this action to Orange County Superior Court.

   Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375

_____

[1] The court's citations to the Notice of Removal refer to the pagination set by CM/ECF.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00192-FWS-ADS                    Date: February 10, 2023
Title: Peter Szanto v. Fred Rudat

F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

   "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). To establish diversity jurisdiction, a plaintiff must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

   Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n unincorporated association such as a partnership has the citizenships of all of its members." *Id.* (citation omitted); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding a limited partnership is a citizen of every state of which its general and limited partners are citizens). Limited liability companies "resemble both partnerships and corporations" but, "like a partnership, an LLC is a citizen of every state which its owners/members are citizens." *Johnson*, 437 F.3d 894, 899. In determining the citizenship(s) of an artificial entity, the court must consider the citizenships of *all* its members. *Carden*, 494 U.S. at 195-96. However, a corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

_____

**CIVIL MINUTES – GENERAL**                                              **2**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00192-FWS-ADS                        Date: February 10, 2023
Title: Peter Szanto v. Fred Rudat

---

The Notice of Removal states that Plaintiff is foreclosing upon Defendant's property located in Orange County, California.  (*See, e.g.,* Dkt. 1 at 4-5, 8-17.)  The Notice of Removal also attaches documents filed in the underlying Orange County Superior Court action describing the dispute as an "unlawful detainer action." (*Id*. at 26.)  Accordingly, although Defendant states that the basis of jurisdiction is the dispute's connection to an ongoing bankruptcy proceeding (*id*. at 3-5), the court concludes that the dispute is an unlawful detainer action.

An action "arises under federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint'" which "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations and internal quotation marks omitted).  Removability "cannot be created by defendant pleading a counter-claim presenting a federal question." *Id.* at 822.  Similarly, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

In this case, Defendant's Notice of Removal, which is also labeled as a "Complaint," does not plead any claims arising under federal law.  (*See generally* Dkt. 1.)  Accordingly, the court lacks federal question jurisdiction over this action.  Defendant's assertions that federal question jurisdiction lies because the claims relate to an ongoing bankruptcy proceeding do not change this conclusion, given Defendant's description of this action as an "unlawful detainer action." (*Id*. at 26.)  Additionally, to the extent the Notice of Removal is construed as asserting counterclaims or affirmative defenses under federal law, neither suffices to establish federal jurisdiction.  *See Takeda*, 765 F.2d at 822; *Vaden*, 556 U.S. at 60.

The court also lacks diversity jurisdiction over this case.  The Complaint does not allege, nor does Defendant argue, that the parties are diverse.  (*See generally* Dkt. 1.)  *See Matheson*, 319 F.3d at 1090 ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Caterpillar*, 519 U.S. at 68 (diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").  Therefore, diversity jurisdiction also cannot

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00192-FWS-ADS                    Date: February 10, 2023

Title: Peter Szanto v. Fred Rudat

confer subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441.  *See Matheson*, 319 F.3d at 1090.

    For the reasons set forth above, the court *sua sponte* **REMANDS** this action to Orange County Superior Court.  *See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (noting "[s]ubject matter jurisdiction may not be waived" and "the district court must remand if it lacks jurisdiction.").

**IT IS SO ORDERED.**

Initials of Deputy Clerk: djl

_____